**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| CURTIS SANDERS, JR., | ) CASE NO. 1:21-cv-00118 |
| Plaintiff, | ) JUDGE DAVID A. RUIZ |
| v. | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) |

This matter is before the Court on the Report and Recommendation of Magistrate Judge Amanda M. Knapp. (R. 19).[1] Plaintiff Curtis Sanders, Jr. filed his Complaint (R. 1) on January 15, 2021, challenging the final decision of the Commissioner of Social Security denying his application for Disability Insurance Benefits. Magistrate Judge Knapp issued her Report and Recommendation on May 23, 2022, recommending the Court affirm the Commissioner's decision. (R. 19). "Within 14 days of being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P 72(b)(2); *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Plaintiff has not filed any objections to the Report and Recommendation.

**I. Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review of a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court conducts a *de novo* review. Federal

---

[1] This case was referred to the magistrate judge pursuant to Local Rule 72.2.

Rule of Civil Procedure 72(b)(3) states:

> *Resolving Objections.* The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

The text of Rule 72(b)(3) addresses only the review of reports to which objections have been made, but does not specify any standard of review for those reports to which no objections have lodged. The Advisory Committee on Civil Rules commented on a district court's review of unopposed reports by magistrate judges. In regard to subsection (b) of Rule 72, the Advisory Committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 Advisory Committee's notes (*citing Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

"In the Sixth Circuit, failure to object constitutes a forfeiture." *Schuster v. Comm'r of Soc. Sec. Admin.*, 2022 WL 219327, at *1 (N.D. Ohio Jan. 25, 2022) (Lioi, J.) (citing *Berkshire v. Beauvais*, 928 F.3d 520, 530 (6th Cir. 2019) ("We clarify that forfeiture, rather than waiver, is the relevant term here.")); *see also Thomas v. Arn*, 474 U.S. 140, 152 (1985) (holding that the Sixth Circuit's waiver/forfeiture rule is within its supervisory powers and "[t]here is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed"). Here, the Report and Recommendation placed the parties on notice as to the potential for forfeiture in the event of failure to object. (R. 19, PageID# 1800).

## II. Conclusion

The Court has carefully reviewed the Report and Recommendation, finds no clear error,

and agrees with the findings set forth therein. The Magistrate Judge's Report and Recommendation (R. 19) is hereby ADOPTED, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

*s/ David A. Ruiz*
David A. Ruiz
United States District Judge

Date: August 30, 2022